# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CHRISTOPHER MASARIK, <br><br> Petitioner, <br><br> v. <br><br> BRIAN FOSTER, <br><br> Respondent. | Case No. 18-CV-524-JPS <br><br><br> **ORDER** |

Petitioner Christopher Masarik ("Masarik") brings this petition for a writ of habeas corpus to challenge a state court conviction arising from Milwaukee County Circuit Case No. 2009CF003918. (Docket #1). In that case, a jury found Masarik guilty of reckless homicide and arson in violation of Wis. Stat. §§ 940.02(1), 943.02(1)(a). Masarik now brings a habeas petition, contending that his constitutional rights were violated in his state court proceedings. The assigned magistrate judge screened the petition under Rule 4 of the Rules Governing § 2254 cases, and permitted Masarik to proceed on three habeas grounds, including: (1) an ineffective assistance of counsel claim under the Sixth Amendment due to his trial counsel's failure to challenge the legality of his arrest and search; (2) a double jeopardy claim under the Fifth Amendment due to the fact that he received consecutive sentences for the arson and the homicide convictions; and (3) an ineffective assistance of counsel claim under the Sixth Amendment due to his appellate counsel's various failures and shortcomings. The parties have fully briefed their respective positions on Masarik's asserted grounds for relief. For the

reasons explained below, the Court finds that Masarik's petition is without merit and therefore must be denied.[1]

1. **STANDARD OF REVIEW**

State criminal convictions are generally considered final. Review may be had in federal court only on limited grounds. To obtain habeas relief from a state conviction, 28 U.S.C. § 2254(d)(1) (as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA")) requires the petitioner to show that the state court's decision on the merits of his constitutional claim was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Brown v. Payton*, 544 U.S. 133, 141 (2005). The burden of proof rests with the petitioner. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). The relevant decision for this Court to review is that of the last state court to rule on the merits of the petitioner's claim. *Charlton v. Davis*, 439 F.3d 369, 374 (7th Cir. 2006).

A state-court decision runs contrary to clearly established Supreme Court precedent "if it applies a rule that contradicts the governing law set forth in [those] cases, or if it confronts a set of facts that is materially

---

[1]Masarik filed two motions for judgment (Docket #29 and #30) which, in light of this order, will be denied as moot. The Court notes that Masarik's argument in his second motion, (Docket #30), that this Court had an obligation, pursuant to 28 U.S.C. § 2266(b)(1)(A) to enter a final judgment in this case in 180 days, is incorrect. Per § 2266(b)(1)(A), district courts must "render a final determination and enter a final judgment on any application for a writ of habeas corpus brought under this chapter in a capital case not later than *450 days* after the date on which the application is filed . . . ." (emphasis added). Further, because Masarik's case is not a capital case, as he was sentenced to terms of imprisonment, the statutory time limit does not apply. *See Patterson v. California*, No. 2:12–cv–2475–KJM–EFB P., 2014 WL 840281, at *14 n. 10 (E.D. Cal. Mar. 4, 2014) ("28 U.S.C. § 2266 applies to capital cases. [Petitioner] is not subject to a capital sentence. Thus, this statute is not applicable to his petition.")

indistinguishable from a decision of [the Supreme] Court but reaches a different result." *Brown*, 544 U.S. at 141. Similarly, a state court unreasonably applies clearly established Supreme Court precedent when it applies that precedent to the facts in an objectively unreasonable manner. *Id.*; *Bailey v. Lemke*, 735 F.3d 945, 949 (7th Cir. 2013).

The AEDPA undoubtedly mandates a deferential standard of review. The Supreme Court has "emphasized with rather unexpected vigor" the strict limits imposed by Congress on the authority of federal habeas courts to overturn state criminal convictions. *Price v. Thurmer*, 637 F.3d 831, 839 (7th Cir. 2011). It is not enough for the petitioner to prove the state courts were wrong; he must also prove they acted unreasonably. *Harrington v. Richter*, 562 U.S. 86, 101 (2005); *Campbell v. Smith*, 770 F.3d 540, 546 (7th Cir. 2014) ("An 'unreasonable application of' federal law means 'objectively unreasonable, not merely wrong; even 'clear error' will not suffice.'") (quoting *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014)).

Indeed, the petitioner must demonstrate that the state court decision is "so erroneous that 'there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents.'" *Nevada v. Jackson*, 569 U.S. 505, 508–09 (2013) (quoting *Harrington*, 562 U.S. at 102). The state court decisions must "be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002); *Hartjes v. Endicott*, 456 F.3d 786, 792 (7th Cir. 2006). Further, when a state court applies general constitutional standards, it is afforded even more latitude under the AEDPA in reaching decisions based on those standards. *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009); *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004) ("[E]valuating whether a rule application was unreasonable requires

considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.").

As the Supreme Court has explained, "[i]f this standard is difficult to meet, that is because it was meant to be." *Harrington*, 562 U.S. at 102. Indeed, Section 2254(d) stops just short of "imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings." *See id.* This is so because "habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* at 102–03 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring)).

A federal court may also grant habeas relief on the alternative ground that the state court's adjudication of a constitutional claim was based upon an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(2). The underlying state court findings of fact and credibility determinations are, however, presumed correct. *Newman v. Harrington*, 726 F.3d 921, 928 (7th Cir. 2013). The petitioner overcomes that presumption only if he proves by clear and convincing evidence that those findings are wrong. 28 U.S.C. § 2254(e)(1); *Campbell*, 770 F.3d at 546. "A decision 'involves an unreasonable determination of the facts if it rests upon factfinding that ignores the clear and convincing weight of the evidence.'" *Bailey*, 735 F.3d at 949–50 (quoting *Goudy v. Basinger*, 604 F.3d 394, 399–400 (7th Cir. 2010)). "'[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'" *Burt v. Titlow,* 134 S. Ct. 10, 15 (2013) (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)). If shown, an unreasonable factual determination by

the state court means that this Court must review the claim in question *de novo*. *Carlson v. Jess*, 526 F.3d 1018, 1024 (7th Cir. 2008).

## 2. RELEVANT BACKGROUND

### 2.1 Factual Background

In the early morning of August 7, 2020, a house caught fire, burning and killing Michael Jansen, the inhabitant of the home. The cause of death was smoke inhalation. The crime scene investigation indicated arson—specifically, that gas had been poured on the back porch, by the entrance, and set afire.

Masarik came to law enforcement's attention when an informant—a mutual friend of Masarik and the deceased—reported to the police that Masarik had admitted to committing the crime. The informant gave his full name to the authorities and was candid about how he learned some of this information—on one occasion, Masarik made inculpatory statements while smoking marijuana with the informant. According to the informant, over the course of the month of August, Masarik admitted to starting the fire, and claimed that he had lit a piece of paper and put it in deceased's lawnmower. Masarik also claimed that he had poured gasoline in the deceased's back yard before lighting the fire. The informant relayed that Masarik had a gas tank in his van, which he—Masarik—claimed to have used during the arson. Finally, Masarik threatened the informant with arson if he told anyone what happened. Several of these facts—including the location of where the gas was poured and where the fire began—corroborated the crime scene investigation. The police found the informant to be credible, and his information corroborative. Accordingly, the police issued a warrant for Masarik's arrest.

On the night of August 20, 2009, Masarik was arrested on suspicion of arson and murder. He received his *Miranda* rights and underwent an interview. After two hours of questioning, he expressed reluctance to continue without a lawyer ("I think I need an attorney, man . . . I mean I want to talk to you, but I want an attorney present"), and requested some time to think. The interview paused for nearly twenty minutes, before resuming at Masarik's election. When the interview resumed, Masarik received another set of *Miranda* rights. During this second interview, he made statements that implicated himself in the arson.

**2.2    Procedural Background**

Masarik moved to suppress the statements from the second interview, claiming that they were unconstitutionally derived. At a suppression hearing, the trial court determined that Masarik had not clearly invoked his right to counsel, as is required under the Sixth Amendment. The statements went into evidence at his trial, and were used against him. A jury found Masarik guilty of arson and first-degree reckless homicide.

Following the conviction, Masarik filed an appeal claiming ineffective assistance of counsel due to his lawyer's failure to challenge the lawfulness of the arrest and the search of his vehicle, and failure to argue that Masarik's mental health made him vulnerable to various interrogation techniques, thus bearing on the voluntariness of his confession. Masarik also contended that his concurrent sentence was improperly imposed. The Wisconsin Court of Appeals assessed these arguments, and found them unpersuasive. *State v. Masarik*, 888 N.W.2d 246 (Table), 2016 WL 5727218 (Wis. Ct. App. Oct. 4, 2016). The Wisconsin Supreme Court declined to review the decision.

Masarik filed his Section 2254 petition on April 3, 2018. That same day, Masarik filed a motion to stay the habeas proceedings and hold the petition in abeyance. (Docket #2). The assigned magistrate judge granted the motion for stay and abeyance in order to allow Masarik to exhaust his claims regarding ineffective assistance of appellate counsel. (Docket #9). Masarik initiated a post-conviction proceeding before the appellate court, which was clarified to be a petition brought pursuant to *State v. Knight*, 484 N.W.2d 540, 544 (Wis. 1992) ("to bring a claim of ineffective assistance of appellate counsel, a defendant should petition the appellate court that heard the appeal for a writ of habeas corpus."). The Court of Appeals dismissed Masarik's *Knight* petition on the grounds that it was meritless and partially unexhausted. (Docket #16-2 at 34–37). The Wisconsin Court of Appeals explained that Masarik's claim regarding the sufficiency of evidence was conclusory and underdeveloped; that he failed to allege prejudice regarding the alleged delays in his proceeding; and that his multiple other grounds had not been raised before the trial court in the first instance. *Id.* In lieu of petitioning the Wisconsin Supreme Court for review—or indeed filing a post-conviction motion pursuant to Wis. Stat. § 974.06 to exhaust the claims he had not raised before the trial court— Masarik asked to lift the stay in his federal habeas case, and pursue his Section 2254 petition instead.

3. **ANALYSIS**

    3.1 **Ineffective Assistance of Trial Counsel**

The Court of Appeal's *Blake* opinion neatly summarizes the standards applicable to Masarik's claims of ineffective assistance:

> A party asserting ineffective assistance of counsel bears the burden of establishing two elements: (1) that his trial

> counsel's performance fell below objective standards for reasonably effective representation, and (2) that counsel's deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–88 . . . (1984)[.]
>
> To satisfy the first element of the *Strickland* test, appellant must direct the Court to specific acts or omissions by his counsel. In that context, the Court considers whether in light of all the circumstances counsel's performance was outside the wide range of professionally competent assistance. The Court's assessment of counsel's performance is "highly deferential[,] . . . indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" [*Id.* at 689.]
>
> . . .
>
> To satisfy the second *Strickland* element, appellant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different, such that the proceedings were fundamentally unfair or unreliable. A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome.

*Blake v. United States*, 723 F.3d 870, 879 (7th Cir. 2013) (citations and quotations omitted).

The *Strickland* test, layered underneath the standard of review set forth in Section 1, produces the following question for the Court to answer: whether the Wisconsin Court of Appeals' ruling on Masarik's claims represents an unreasonable application of the already extremely deferential *Strickland* standard. *Harrington*, 562 U.S. at 101. As *Blake* explains, claims of ineffective assistance are already assessed with deference to the defendant's counsel. Presenting such claims in the context of a habeas proceeding means that Masarik must not only prove that the Wisconsin Court of Appeals' analysis was wrong, but additionally that it was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Id.* at

103; *id.* at 105 ("The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so[.]") (citations and quotations omitted). To the extent Masarik seeks to show that the Wisconsin Court of Appeals' decision was based on an "unreasonable determination of the fact" under 28 U.S.C. 2254(d)(2), he must do more than merely show that the evidence is debatable. *Wood*, 558 U.S. at 303. He most show that "the state court determined an underlying factual issue against the clear and convincing weight of the evidence." *Ben-Yisrayl v. Buss*, 540 F.3d 542, 549 (7th Cir. 2008). Additionally, in the context of a *Strickland* analysis, he must show that this unreasonable evidentiary finding resulted in prejudice. *Id.* at 550.

The Wisconsin Court of Appeals did not err in determining that counsel's actions did not fall below the standard of care. In determining whether an informant's tip provides probable cause to so support a search warrant, courts consider the totality of the circumstances surrounding the tip. *Illinois v. Gates*, 462 U.S. 213, 230–31 (1983). "When those 'known facts and circumstances' used to support a finding of probable cause are derived from a confidential informant's (CI) tip, the legitimacy of a probable cause determination turns on that 'CI's reliability, veracity and basis of knowledge.'" *United States v. Olson*, 408 F.3d 366, 370 (7th Cir. 2005) (quoting *United States v. Johnson*, 289 F.3d 1034, 1038 (7th Cir. 2002) (abrogated on other grounds). Courts should consider whether the informant "(1) had firsthand knowledge; (2) provided sufficient details; (3) relayed information which was subsequently corroborated; and (4) testified at a probable cause hearing." *Id.*

In considering Masarik's claim that his counsel was ineffective for failing to challenge Masarik's confession as the fruit of an unlawful arrest,

the Wisconsin Court of Appeals determined that the arrest was lawful because "the police had 'reasonable grounds to believe' Masarik committed arson and homicide" in light of the crime scene investigation and the informant's testimony, including its credibility and corroboration of the crime scene. *Masarik*, 2016 WL 5727218, at *4. Specifically, the Wisconsin Court of Appeals evaluated the indicia of trustworthiness of the informant, including the fact that he gave his full name, spoke candidly about events that might incriminate himself, described the nature of his friendship to Masarik, and corroborated certain details of the crime—which, under the totality of the circumstances, was sufficient to provide probable cause for an arrest. *Id.* In light of the record and this evaluation, the Court cannot say that the Wisconsin Court of Appeals erred in its determination that there was no ineffective assistance of counsel for failing to challenge the lawfulness of the arrest.[2]

Similarly, the Court cannot disturb the Wisconsin Court of Appeals' finding that the failure to challenge the voluntariness of Masarik's confession by calling into question his mental health was not prejudicial. The voluntariness of a confession is assessed in view of the totality of the circumstances. *United States v. Brown*, 664 F.3d 1115, 1118 (7th Cir. 2011). A court will consider, among other things, a defendant's age, level of education, and prior experience with law enforcement, as well as the conditions of the interrogation itself and the attitude of the interrogating officials. *United States v. Thurman*, 889 F.3d 356, 364–65 (7th Cir. 2018).

---

[2]Although not entirely clear, Masarik also seems to challenge the search that was conducted incident to his arrest, including the search of his vehicle. *See* (Docket #25 at 9). This was not raised before the Wisconsin Court of Appeals, so the Court will not consider it here.

The Court of Appeals noted that (1) although Masarik had a demonstrated history of mental health issues, he failed to provide any evidence that those issues affected him during his confession or made him more susceptible to certain interrogation techniques; (2) he was an intelligent man who had prior experience with the police and the criminal system; and (3) the audio recording of the interview does not suggest that Masarik was disturbed, scared, or otherwise suffering from a mental health crisis. *Id.* at *4–6. After evaluating the interrogation as a whole, including the techniques used by the police, the length of time of the interrogation, the location of the interrogation, and the evidence regarding the way that Masarik was treated during the interrogation, the Wisconsin Court of Appeals determined that the investigation was not coercive. *Id.* at *6. Accordingly, it concluded, trial counsel's failure to challenge the interrogation as coercive due to Masarik's mental health issues was not ineffective. Based on the record, the Court has no basis on which to find that the Wisconsin Court of Appeals erred in its conclusions.

### 3.2 Double Jeopardy Claim

The Court must determine, first, whether Masarik procedurally defaulted on his claim that he was subject to double jeopardy when he received consecutive sentences for arson and homicide. This Court cannot consider Masarik's habeas claim unless it has first been "fully and fairly presented. . .to the state appellate courts," thereby giving the courts a "meaningful opportunity to consider the substance of the claim[] that he later presents in his federal challenge." *Bintz v. Bertrand*, 403 F.3d 859, 863 (7th Cir. 2005); 28 U.S.C. § 2254(b)(1)(A). Fair presentment requires that the petitioner apprise the state courts of the constitutional nature of the claim, but it "does not require hypertechnical congruence between the claims

made in the federal and state courts; it merely requires that the factual and legal substance remain the same." *Anderson v. Benik*, 471 F.3d 811, 815 (7th Cir. 2006) (citation omitted). The Seventh Circuit considers the following factors to determine whether the issue was adequately presented to the state judiciary:

> 1) whether the petitioner relied on federal cases that engage in a constitutional analysis; 2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts; 3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; and 4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation.

*Ellsworth v. Levenhagen*, 248 F.3d 634, 639 (7th Cir. 2001).

The Wisconsin Court of Appeals had occasion to consider the crux of Masarik's double jeopardy claim, which was sufficiently (though not meritoriously) raised as a challenge to his consecutive sentences. The primary case that Masarik relied on was *State v. Carlson*, 93 N.W.2d 354 (Wis. 1958) which, according to the Court of Appeals, stood for the fact that "it is not proper to bring separate charges for felony murder and for the underlying [felony]." *Masarik*, 2016 WL 5727218, at *7. In *Carlson*, the Wisconsin Supreme Court touched on the issue of double jeopardy, noting that "[t]here was no occasion for a separate information charging arson [in addition to third-degree murder] and if the two proceedings had been tried separately, jeopardy in the first would have been a defense in the second." 93 N.W.2d at 361. Although the Wisconsin Court of Appeals correctly determined that *Carlson* was not on point, the Court finds that reliance on *Carlson* was sufficient to invoke the double jeopardy claim.

To avoid double jeopardy, which arises when a defendant is charged twice for the same offense, "[e]ach of the offenses . . . requires proof of a different element." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id.*

As the court in *Carlson* explained, felony murder, or "third-degree murder is a combination of a felony or attempted felony, and the fact that in the commission or attempt, a death was caused." 93 N.W.2d at 361. Accordingly, the *Carlson* court held, the defendant need not be charged with the felony of arson *and* the felony of arson-caused murder. But Masarik was not charged the way Carlson was. Rather, he was charged with two distinct felonies: murder and arson. The Wisconsin State Court of Appeals said as much: "*Carlson* is inapplicable because Masarik was not convicted of felony murder and an underlying crime but two separate crimes." *Masarik,* 2016 WL 5727218, at *7.

To expand: Masarik was charged with one count of first-degree reckless homicide, in violation of Wis. Stat § 940.02(1), and one count of arson of a building, in violation of Wis. Stat. § 943.02(1)(a). To violate Wis. Stat § 940.02(1), Masarik must have "recklessly cause[d] the death of another human being under circumstances which show utter disregard for human life." To violate Wis. Stat. § 943.02(1)(a), Masarik must have, "[b]y means of fire, intentionally damage[d] any building of another without the other's consent." Each of these statutes requires proof of a fact that the other does not— Wis. Stat § 940.02(1) requires the defendant to have caused a death, while Wis. Stat. § 943.02(1)(a) requires the defendant to have set a

building on fire. Under the test set forth in *Blockburger*, there is no double jeopardy. 284 U.S. at 304.

### 3.3 Ineffective Assistance of Appellate Counsel

According to Masarik, his appellate counsel was deficient in a variety of ways, including, but not limited to, the fact that counsel (1) refused to object to the court reporter or otherwise seek sanctions; (2) permitted extensions to provide trial transcripts (such that his appellate attorney did not receive the trial transcripts for three years, and did not give them to Masarik for four years); and (3) refused to send Masarik a copy of his appellate brief, or the transcripts, before filing the appellate brief. Masarik also raises a variety arguments that he asserts his counsel should have made.

In his *Knight* petition before the Wisconsin Court of Appeals, Masarik raised the following grounds for ineffective assistance: (1) appellate counsel's failure to argue the insufficiency of evidence; (2) appellate counsel's delay of the appeals process; and (3) appellate counsel's failure to argue, to Masarik's satisfaction, the following claims: double jeopardy, due process violations arising from an alleged delay in his initial appearance, prosecutorial misconduct, and an abuse of process. (Docket #16-2 at 35–37). The Wisconsin Court of Appeals determined that the first argument was conclusory and under developed; there was no showing of prejudice as to the first and second arguments; and the remaining grab-bag of violations had not been properly presented to the circuit court.

Masarik did not appeal this decision to the Wisconsin Supreme Court, nor did he return to the trial court to attempt to present his arguments. This leaves the Court in much the same position as the

Wisconsin State Court of Appeals—i.e., without jurisdiction over the claims. Masarik expressed his frustration with the process (Docket #28 at 4) (explaining that he had not returned to the Supreme Court because it would have been "redundant"), but those are the rules.

### 4. CONCLUSION

For the reasons explained above, the Court finds that Masarik's asserted grounds for relief are without merit. The Wisconsin state courts did not err in their conclusions of law and fact regarding whether Masarik's trial counsel was ineffective, or whether the consecutive sentences resulted in double jeopardy. As to Masarik's ineffective assistance of appellate counsel claims, it is clear that those are not properly before this Court.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), a petitioner must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). As the Court discussed above, no reasonable jurists could debate whether the petition has merit. The Court must, therefore, deny Masarik a certificate of appealability.

Finally, the Court closes with some information about the actions that Masarik may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the

Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that Petitioner Christopher Masarik's petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Petitioner Christopher Masarik's motions for judgment (Docket #29 and #30) be and the same are hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that a certificate of appealability as to Petitioner Christopher Masarik's petition be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 16th day of October, 2020.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge